```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

ADRIAN D.
LIVINGSTON,

                        Petitioner,

               v.                   CASE NO. 09-3056-SAC

STATE OF KANSAS,
et al.,

                        Respondents.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of Lansing Correctional Facility, Lansing, Kansas. Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which the court finds should be granted based upon the amount currently in his inmate account.

**TENTATIVE FACTUAL BACKGROUND**

In August 2002, Livingston faced charges of the first-degree murder of one victim and the attempted first-degree murder and aggravated robbery of a second victim. He initially rejected plea offers, but at some point pled guilty to first-degree murder of one and aggravated robbery of the other. Prior to sentencing, Livingston's court-appointed "plea counsel" withdrew, and new counsel was appointed. Livingston then moved to withdraw his guilty plea. The trial court held an evidentiary hearing at which Livingston and his plea counsel testified. The court found

Livingston had not established good cause to withdraw his plea, had knowingly entered the plea without coercion, and was represented by competent counsel. Livingston v. State, No. 98,827, *2-*3 (KCOA, May 30, 2008, unpublished). On January 24, 2003, petitioner's motion to withdraw plea was denied, and he was convicted and sentenced to 214 months in prison. He directly appealed the denial of his motion to withdraw and the order of restitution to the Kansas Court of Appeals (KCOA), which affirmed on November 22, 2004. He filed a Petition for Review to the Kansas Supreme Court, which denied review on March 1, 2005.

On November 16, 2005, petitioner filed a motion pursuant to K.S.A. § 60-1507 in the trial court. This motion was denied after an evidentiary hearing at which petitioner testified on May 19, 2006. Petitioner appealed the denial to the KCOA, which affirmed on May 30, 2008. His Petition for Review was denied on September 22, 2008.

**GROUNDS**

As ground one for his federal Petition, Mr. Livingston claims ineffective assistance of his plea counsel. In support, he alleges plea counsel misled him to waive his right to a speedy trial in order to discover State's evidence but never discovered that evidence, "failed to be knowledgeable" regarding the speedy trial statute, failed to inform him of "this (speedy trial) violation" prior to advising him to plead guilty, and failed to move for dismissal on speedy trial grounds. He acknowledges that

2

he did not raise this claim on direct appeal.

Petitioner claims he did raise the issues involving denial of speedy trial in his § 1507 motion.  However, the opinion of the KCOA, which petitioner exhibits, contains a thorough discussion of the district court's decision on his 1507 motion and makes no mention of an ineffective counsel claim based upon failure to advise of and present a speedy trial claim.

As ground two, petitioner claims his plea was not voluntarily and intelligently made.  In support, he alleges he was not aware of "the viable defense," again citing violation of K.S.A. § 22-3402, and claims counsel failed to be aware and inform him of this defense prior to advising him to plead guilty, and failed to move for dismissal based thereon.  With respect to this ground, which appears based on the same speedy trial allegations as ground one, he alleges that his appellate counsel chose to exercise her professional judgment and omit this issue on direct appeal.  However, he again alleges he raised this claim in his 1507 motion.

As ground three, petitioner claims "ineffective assistance of appellate counsel."  In support, he actually alleges that four attorneys representing him at various proceedings were ineffective. First, he alleges that counsel who represented him in his motion to withdraw plea was ineffective for failing to present a denial of speedy trial claim at the hearing on this motion.  Next, he claims that the different counsel who represented him on direct appeal failed to raise ineffective assistance of "trial and plea counsel," and "any of the other issues raised in K.S.A. 60-1507 motion that

3

was (sic) procedurally barred." Third, he claims that another counsel who represented him in his 1507 proceedings at the trial court level failed "to amend brief to include ineffective assistance of (his second counsel) and to investigate the facts and law pertaining to brief prior to hearing." He also claims counsel failed at the 1507 hearing to make a clear record "of the facts supporting the issues in the brief." In support of this claim he lists as "facts" that "the witnesses referred to in brief were the state's witnesses not the petitioner's", and Judge Burdette in August 2002 had overruled plea counsel's objection to "these specific witnesses" on the grounds of hearsay, allowing them to be State's witnesses. He additionally claims 1507 counsel failed to properly present facts pertaining to the alleged speedy trial violation, and caused a one year delay in the perfection of his 1507 appeal. Finally, petitioner claims that counsel who represented him during 1507 appeal proceedings raised the speedy trial issues "in the statement of facts" but failed to brief them with arguments and authority, failed to raise the issue that the 1507 judge found witness testimony was hearsay when Judge Burdette had previously ruled to the contrary, and failed to "inform the court that petitioner "attempted to raise the ineffective assistance of counsel" through supplemental brief filed on May 3, 2004, and denied on May 19, 2004[1]. Petitioner alleges he did not

---

[1] Apparently, petitioner had yet another counsel represent him on his Petition for Review to the Kansas Supreme Court, and claims that counsel was ineffective for failing to immediately inform him of the denial of his Petition for Review. Petitioner also claims that three of his attorneys have failed to provide him with transcripts.

4

raise the Ground three issues on either direct appeal or in his post-conviction motion, but claims these issues "developed during the appeal process."

In support of Ground four, Livingston again refers to Judge Burdette's pretrial order overruling defense hearsay objections to some State's witnesses. He claims that Judge Boeding at the 1507 hearing in 2006 abused his discretion by finding the testimony was hearsay. He acknowledges that he did not raise this claim either on direct appeal or by state post-conviction motion, and alleges it "developed during post-conviction relief[2]."

**FAILURE TO EXHAUST STATE REMEDIES**

Petitioner acknowledges that all grounds raised in this Petition have not been presented to the highest state court. It also appears that more of his issues have not been fully exhausted than he acknowledges. He claims he "attempted to exhaust these issues in state courts but is unable because he lacks the record to support his claims." He states he has filed a motion for transcripts in state court, and is waiting for the record[3]. These allegations do not suggest a valid reason for failing to exhaust state court remedies on any of petitioner's claims.

---

[2] Petitioner alleges this was one issue he attempted to raise by supplemental brief denied on November 14, 2007.

[3] Petitioner does not explain why he would need to provide transcripts to file a habeas corpus action in either state or federal court. Obviously, the pertinent state court records are accessible to a state court. In this court, the respondent is ordered to provide the pertinent state court records along with their Answer and Return.

Petitioner states that he filed this § 2254 Petition, despite having not exhausted some issues, because "time runs short" and he wanted to be timely. He has filed a Motion for Stay and Abeyance of this action (Doc. 3) asking the court to grant a stay, pending exhaustion, should it find any further exhaustion is required[4].

**MIXED PETITION**

The court finds this Petition contains some claims that are exhausted and some that are not, and thus is a "mixed petition." 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id[5]. Petitioner does not allege that there are no available state post-conviction remedies by which he may still seek relief on his unexhausted claims. 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

[4] Petitioner contends this court should "deem all issues in his Petition as exhausted," claiming he exercised due diligence to exhaust by attempting to file two supplemental briefs that were denied in 2004 and 2007. However, the fact that petitioner unsuccessfully attempted to file supplemental briefs provides no basis for this court to "deem" that all his claims are exhausted.

[5] Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B).

6

Id. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Ordinarily, the court requires a petitioner who has filed a mixed petition to show cause why the petition should not be dismissed[6], without prejudice, allowing him to return to state court and fully exhaust state remedies. However, the court has tentatively calculated relevant dates, without the benefit of state records, and finds that petitioner filed this federal action with only a little over a month remaining on the federal statute of limitations. The pendency of a premature federal habeas petition does not toll the statute of limitations. Thus, it also appears

---

[6] Prior to the passage of AEDPA and the amended 28 U.S.C. § 2254, the United States Supreme Court held:

> [A] district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

Rose, 455 U.S. at 510. After AEDPA became applicable, the United States Supreme Court continued to state, "Under Rose, federal district courts must dismiss mixed petitions." Pliler v. Ford, 542 U.S. 230 (2004)(citing Rose, 455 U.S. at 522).

7

that if this action is dismissed at this time for failure to exhaust, the federal statute of limitations will have expired[7].

However, the court is not convinced by petitioner's statements in his motion for stay that the interests of justice would be served by granting a stay and abeyance of this action, while he returns to state court to attempt to exhaust his several claims that are unexhausted. It appears that some, if not all, of his unexhausted claims may have been procedurally defaulted. Whether or not his speedy trial claims have been exhausted is not evident from the materials submitted by petitioner.

The court finds a responsive pleading is required. In particular, respondents are directed to address the threshold issues of what claims have not been fully exhausted, whether there are available state court remedies at this time for those claims, and whether or not a stay should be granted.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that

---

[7] Thus, as the Supreme Court warned:

> The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all his claims-including those already exhausted . . . .

Pliler, 542 U.S. at 230.

8

>he has exhausted all remedies afforded by the courts of the State of Kansas.

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted based upon his Inmate Account Statement showing a current balance of less than $150.00.

Petitioner's Motion for Transcripts (Doc. 5) is denied, without prejudice, upon the court's assumption that Respondents will provide the relevant state court records with their Answer and Return.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and petitioner's Motion for Transcripts (Doc. 5) is denied, without prejudice.

**IT IS FURTHER ORDERED THAT:**

1. Respondents herein are hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted.

2. The response should present:

> (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and
>
> (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records,

>    or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4.  The petitioner is granted twenty (20) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.  Petitioner must also show good cause for his failure to exhaust in order to be entitled to a stay of this federal habeas corpus action.

5.  The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2009, at Topeka, Kansas.


                                   s/Sam A. Crow
                                   U. S. Senior District Judge